**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                  No. CIV 08-0640 LH/WDS
                                                          CR 95-0104 LH

RAMON MONTANO,

      Defendant,

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's motion for writ of audita querela (CV Doc. 1; CR Doc. 415) filed July 8, 2008. Defendant alleges that the sentencing judge acted without authority and abused his discretion in imposing sentence, thereby violating Defendant's rights under the Due Process Clause. According to the motion, "Defendant does not attack the <u>Judgment Itself</u>, but instead, he attacks the <u>Enforcement</u> . . . <u>of the Judgment</u> . . . and, he asks for relief from the consequences of the <u>Sentencing Judgment</u>." The Court will deny the motion.

      In an earlier Motion To Dismiss Charges (CR Doc. 409) filed April 16, 2007, Defendant asserted, inter alia, that the Court did not have subject matter jurisdiction of the criminal proceeding. And in a letter (No. CV 07-0373 LH/LCS, Doc. 2) filed with the earlier motion, Defendant conceded that the applicable one-year period of limitations in 28 U.S.C. § 2255 had long expired. The Court notified Defendant that the motion would be construed under § 2255 unless he withdrew the motion. Defendant did not respond, and the Court denied the motion.

      As was true of Defendant's prior motion, the relief he now seeks, if available, must be pursued under § 2255. Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States, . . . or . . . the sentence was in excess of the maximum authorized by law." § 2255. An attack on a

federal conviction or sentence may be prosecuted only as a motion to vacate, set aside, or correct sentence under § 2255.  *See* § 2255; *Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus").  In this circumstance,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).

Here, the Court is not required to recharacterize Defendant's motion as a § 2255 motion.  A district court does not abuse its discretion in declining to recast a pleading as a § 2255 motion when relief would be "facially 'barred as untimely . . . or as second or successive under 28 U.S.C. § 2255.' " *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005).  Approximately ten years have passed since Defendant's judgment became final, *see* § 2255 (setting one-year time limit for filing motion), and he previously filed a motion seeking relief that is only available under § 2255.  The Court therefore declines to recharacterize Defendant's motion as a § 2255 motion and will deny the motion.

IT IS THEREFORE ORDERED that Defendant's motion for writ of audita querela (CV Doc. 1; CR Doc. 415) filed July 8, 2008, is DENIED; and this civil proceeding is DISMISSED.

_____
SENIOR UNITED STATES DISTRICT JUDGE