IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CV 10-0916 LH/WPL
                                                     CR-95-0104 LH

RAMON MONTANO,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Defendant's Motion Pursuant To Federal Rules Of Criminal Procedure 52(b) (CR Doc. 418) filed on June 4, 2009, and his (second) Petition For Writ Of Error Audita Querela Title 28 U.S.C. § 1651 (CV Doc. 1; CR Doc. 419) filed on September 27, 2010. The Petition was entered on the civil docket as a motion under 28 U.S.C. § 2255.

On October 17, 1997, the court entered judgment on Defendant's conviction on drug charges under 21 U.S.C. §§ 841, 846, 848. The Court of Appeals for the Tenth Circuit affirmed. *See United States v. Montano*, No. 97-2356, 1999 WL 110666 (10th Cir. Feb. 26, 1999). In his rule 52(b) motion, Defendant asserts that the Court committed plain error by basing its calculation of his sentence on incorrect information about drug quantity. The audita querela petition asserts that Defendant's sentence is illegal as a result of recent rulings by the Supreme Court, and that the Court lost subject matter of this criminal proceeding. Defendant asks the Court to "dismiss the rest of his conviction" or correct his sentence.

Defendant's motion and petition will be dismissed because the relief he seeks is only available under 28 U.S.C. § 2255. First, a post-judgment claim of plain error under criminal rule 52(b) must be brought in a § 2255 motion. *See, e.g., United States v. King*, No. CR-F-91-068 OWW, 2009 WL 674275, at *1 (E.D. Cal. Mar. 6, 2009); *Baughman v. United States*, 301 F. Supp. 509, 510 (D.C.

Minn. 1969) (citing *Andrews v. United States*, 373 U.S. 334, 338-339 (1963) (treating motion under criminal rule 32 as a § 2255 proceeding)).  And second, as discussed in an earlier order (CR Doc. 416), the relief sought in Defendant's audita querela petition may be raised only in a motion under § 2255.  The lead Supreme Court case that Defendant relies on, *United States v. Booker*, 543 U.S. 220 (2005), was decided in 2005.  Both of Defendant's filings were made long after expiration of the applicable one-year limitation period in § 2255.

Because the § 2255 limitation period has expired, the Court will not recharacterize Defendant's filings as motions under § 2255.  The Court is not required to recast a pleading as a § 2255 motion when relief "would, at least facially, 'be barred as untimely . . . or as second or successive [under 28 U.S.C. § 2255].' "  *United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (brackets in original).  "[T]he fact that section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective."  *Braun v. Gallegos*, No. 02-1292, 2002 WL 31895074, at **1 (10th Cir. Dec. 31, 2002); *and see Graham v. Wands*, No. 10-1412, 2011 WL 44708, at *1 (10th Cir. Jan 7, 2011) ("Neither our rejection of his claim previously nor the inability to bring a related claim renders the remedy afforded by § 2255 ineffective.").  Defendant's motion and petition will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant To Federal Rules Of Criminal Procedure 52(b) (CR Doc. 418) filed on June 4, 2009, and Petition For Writ Of Error Audita Querela Title 28 U.S.C. § 1651 (CV Doc. 1; CR Doc. 419) filed on September 27, 2010, are DISMISSED for failure to present cognizable claims; and this civil proceeding is DISMISSED.

_____
SENIOR UNITED STATES DISTRICT JUDGE